UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X   Case No.
REMI LABA,

        Plaintiff,   COMPLAINT

   vs.

JBO WORLDWIDE SUPPLY PTY LTD and
ORANGE BUTTERFLY HOLDINGS
(MAURITIUS) INTERNATIONAL LIMITED,

        Defendants
------------------------------------------------------------ X

    Plaintiff Remi Laba, by and through his attorneys, McCue Sussmane Zapfel & Cohen P.C., as and for his complaint, alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

    1.    The jurisdiction of this Court is based on diversity of citizenship conferred by 28 U.S.C. § 1332.

    2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Many of the acts giving rise to the violations complained of occurred in this District.

## THE PARTIES

    3.    Plaintiff Remi Laba is a resident of the Westchester County, New York and maintains offices at 29 West 17th Street, 7th Floor, New York, New York 10011.

    4.    JBO Worldwide Supply Pty Ltd. ("JBO") is a South African company with a registered office at 3 Watergras Street, Moreleta, Pretoria, Gauteng 0181 and offices at 699 Pierneef Street, Deerness Street 0084, Pretoria, South Africa.

5. Orange Butterfly Licensing (Mauritius) International Limited, an affiliate of JBO ("Orange") is a Mauritius company with offices at 699 Pierneef Street, Deerness 0084, Pretoria, South Africa. JBO and Orange are collectively referred to as "Defendants."

**FACTS**

6. Plaintiff is an experienced executive and entrepreneur in the hospitality industry and co-President of Bagatelle Group Inc., the owner of an international chain of restaurants.

7. Defendants and their subsidiaries are engaged in the business of operating and licensing the Coco Safar System of luxury coffee cafés, espresso bars and capsule retail emporiums which serve luxury coffee, Rooibos tea, baked goods, patisseries and confectionaries.

8. On March 1, 2019, Plaintiff and Defendant JBO entered into a Finder's Fee Agreement under which JBO engaged Plaintiff on behalf of itself and its affiliates to identify a company interested in licensing or developing the Coco Safar concept in Saudi Arabia (the "Agreement").

9. In accordance with the Agreement, Plaintiff identified Advanced Tastes Company Limited ("Advanced").

10. Plaintiff received from Defendants JBO and Orange numerous written and verbal instructions to proceed with Advanced.

11. Plaintiff contacted Advanced on behalf of Defendants.

12. Plaintiff determined Advanced's interest in entering into a transaction with Defendants.

13. Plaintiff arranged visits and communications between Defendants and Advanced.

14. Plaintiff performed all services specified under the Agreement for Defendants.

15. Plaintiff performed the services for Defendants from his offices in New York, New York.

16. Defendants met with Plaintiff several times in New York, New York.

17. Defendants communicated with Plaintiff many times by email in New York, New York.

18. Defendants communicated with Plaintiff many times by telephone at Plaintiff's offices in New York, New York.

19. Defendants met with investors and others to make presentations about Defendants and its brand on multiple occasions at Plaintiff's restaurant in New York, New York.

20. As the direct result of the services performed by Plaintiff, Defendants entered into an agreement to open a location in Saudi Arabia and were paid consideration of $800,000 by Advanced. The Agreement requires payment of compensation to Plaintiff of $160,000, 20% of such $800,000 received by Defendants from Advanced.

21. Plaintiff demanded the compensation due under the Agreement. Defendants failed to pay.

22. As the direct result of the services of Plaintiff, Defendants and Advanced have negotiated a License Agreement for opening the Coco Safar System in Saudi Arabia under which Advanced will pay to Defendants store opening fees of $3,000,000, and royalties and management fees.  Under the Agreement, Plaintiff is entitled compensation of $600,000 plus 20% of such royalties and management fees upon payment by Advanced.

## COUNT I
## Breach of Contract

23. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

24. Defendant JBO breached the Agreement.

25. Plaintiff provided notice of default.

26. Defendant JBO has no defenses.

27. Plaintiff has incurred damages in an amount to be proven at trial but in no event less than $760,000.

## COUNT II
## Quantum Meruit

28. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

29. Plaintiff reasonably relied upon Defendants' representations and performed services for Defendants in good faith.

30. Defendants accepted the services provided by Plaintiff.

31. The fair and reasonable value of the services rendered will be proven at trial but is in excess of $760,000.

32. Plaintiff has duly demanded compensation from Defendants for the services rendered.

33. A balance is due to Plaintiff from Defendants in an amount to be proven at trial, but in no event less than $760,000.

## COUNT III
## (Unjust Enrichment)

34. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

35. Plaintiff performed services at Defendants' specific insistence and request.

36. Defendants received the benefit of Plaintiff's services.

37. Defendants have been unjustly enriched and Plaintiff has suffered a loss as a result of said unjust enrichment in an amount to be proven at trial, but in no event less than $760,000.

## PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff demands judgment:

A. On Count I, awarding damages to Plaintiff from Defendant JBO in the amount to be proven at trial.

B. On Count II, awarding damages to Plaintiff from Defendants JBO and Orange in the amount to be proven at trial.

C. On Count III, awarding damages to Plaintiff from Defendants JBO and Orange in the amount to be proven at trial.

D. Awarding such other and further relief as this Court deems just and proper, including fees, costs, disbursements, attorney fees and interest on the foregoing.

Dated: May 2, 2020
New York, New York

_____
Ken Sussmane (SK9301)
McCue Sussmane Zapfel & Cohen P.C.
Attorneys for Plaintiff
420 Lexington Avenue, Suite 2250
New York, New York 10170
(212) 931-5500