UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
REMI LABA,

                         Plaintiff,

                         v.

JBO WORLDWIDE SUPPLY PTY LTD and
ORANGE BUTTERFLY HOLDINGS
(MAURITIUS) INTERNATIONAL LIMITED,

                         Defendants.
-------------------------------------------------------------- X

**OPINION & ORDER**

20 Civ. 3443 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        In May 2020, Plaintiff brought this action to recover damages from Defendants for breach of contract, quantum meruit, and unjust enrichment. *See* Am. Compl., ECF No. 20. Defendants now move to dismiss the Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure and failure to state a claim with respect to Defendant Orange Butterfly under Rule 12(b)(6). *See* ECF No. 41. Defendants also seek to impose sanctions against Plaintiff under Rule 11, 28 U.S.C. § 1927, and the Court's inherent powers. *See* ECF No. 53. For the reasons discussed below, the Court denies the motion to dismiss under Rule 12(b)(2), grants the motion to dismiss under Rule 12(b)(6), and denies the motion for sanctions.

### BACKGROUND[1]

        Plaintiff Remi Laba, a New York resident, is an executive and entrepreneur in the hospitality industry. *See* Am. Compl. at ¶ 12. Defendant JBO Worldwide Supply Pty Ltd.

---

[1] The facts contained in this section are based upon the factual allegations set forth in Plaintiff's Amended Complaint, and the Court assumes the allegations in Amended Complaint to be true in considering the motion to dismiss under Rules 12(b)(2) and (b)(6). *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir.

("JBO") and Defendant Orange Butterfly Holdings (Mauritius) International Limited ("Orange Butterfly") are in the business of operating and licensing the Coco Safar brand of cafes, espresso bars, and capsule retail emporiums.[2] *See id.* at ¶ 13. On March 1, 2019, Plaintiff and Defendant JBO entered into a Finder's Fee Agreement (the "Agreement"), under which Plaintiff was engaged to identify a company interested in licensing or developing the Coco Safar brand in Saudi Arabia. *See id.* at ¶ 14. Pursuant to the Agreement, Plaintiff identified Advanced Tastes Company Limited ("Advanced") as a potential investor and arranged visits and communications between Advanced and Defendants. *See id.* at ¶¶ 15–19. Plaintiff performed all services pertaining to the engagement and regularly communicated with Defendants from his offices in New York. *See id.* at ¶¶ 19–24. Defendants also met with potential investors and made presentations about the Coco Safar brand at Plaintiff's restaurant in New York on multiple occasions. *See id.* at ¶ 25. As a result of Plaintiff's services, Defendants and Advanced agreed to open a Coco Safar location in Saudi Arabia, for which Defendants were paid an initial consideration of $800,000, an additional store opening fee of $3,000,000, as well as other royalties and management fees. The Agreement requires Defendant JBO to pay Plaintiff a one-time fee equal to twenty percent (20%) of the gross revenue received from an investor identified by Plaintiff. *See id.* at ¶¶ 26–28. Plaintiff demanded the compensation due under the Agreement but was not paid. *See id.* at ¶ 27.

Plaintiff commenced the instant action on May 3, 2020, claiming breach of contract, quantum meruit, and unjust enrichment against Defendants. On June 26, 2020, the

---

2007). However, the Court's reference to these allegations should be not construed as a finding as to their veracity, and the Court makes no such findings.

[2] As discussed herein, the Amended Complaint lists "Orange Butterfly Holdings (Mauritius) International Limited" as a defendant in the caption but references a separate entity, "Orange Butterfly Licensing International Limited," in its body. *See* Am. Compl. at ¶ 6. It is unclear which Orange Butterfly entity is a defendant in this action.

Court *sua sponte* dismissed the Complaint for lack of subject matter jurisdiction with leave to amend. *See* ECF No. 13. On August 6, 2020, Plaintiff filed the Amended Complaint, adequately pleading diversity of citizenship.[3] *See* Am. Compl. Defendants now move to dismiss the Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure and failure to state a claim with respect to Defendant Orange Butterfly under Rule 12(b)(6). *See* ECF No. 41. Defendants also seek to impose sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent powers. *See* ECF No. 53.

**DISCUSSION**

There are three issues of contention before the Court: (i) whether the Court lacks personal jurisdiction over Defendants, (ii) whether the Amended Complaint fails to state a claim against Defendant Orange Butterfly, and (iii) whether imposition of sanctions against Plaintiff is appropriate under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers. The Court discusses these three issues in turn.

**I.** **Motion to Dismiss for Lack of Personal Jurisdiction.**

Defendants contend that the Court lacks personal jurisdiction over Defendants. *See* ECF No. 42. On a motion to dismiss for lack of personal jurisdiction, a court must "determine whether the defendant is subject to jurisdiction under the law of the forum state— here, New York," and, if so, the court must "consider whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). A person, firm, or corporation may be subject to personal jurisdiction under New York's long-arm statute if it "in person or through an agent" transacts business within the state, and the

---

[3] The Amended Complaint alleges that Defendant JBO is a citizen of South Africa and Defendant Orange Butterfly is a citizen of Mauritius, South Africa, or Panama. *See* Am. Compl. at ¶¶ 4–11.

asserted claims arise from that transaction. N.Y. C.P.L.R. § 302(a)(1). "To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quoting N.Y. C.P.L.R. § 302(a)(1)). In evaluating the first part of the test, whether the defendant transacts business, "[c]ourts look to 'the totality of the defendant's activities within the forum'" to decide whether the defendant engaged in "purposeful activity" in New York. *Id.* (quoting *Sterling National Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors*, 510 F.2d 870, 873 (2d Cir. 1975)). In evaluating the second part of the test, a court must decide whether there is a "nexus" between the plaintiff's claim and the defendant's business transactions in New York. *Id.*

The exercise of jurisdiction must also comport with due process, which consists of two components: a "minimum contacts" inquiry and a "reasonableness" inquiry. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010)). Where, as here, specific jurisdiction is asserted, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Where the requirements of New York's long-arm statute have been met, the "minimum contacts" and "reasonableness" requirements of due process often have been met as well. *See Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015).

In ruling on a motion to dismiss, a court must "accept as true all factual allegations," *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)), and "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff," *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (citing *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). However, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Dale v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188–89 (2d Cir. 2020) (quoting *Nielsen*, 746 F.3d at 62).

Accepting as true all factual allegations in the Amended Complaint and construing all reasonable inferences in light most favorable to Plaintiff, the Court finds that Defendants' actions satisfy section 302(a)(1) of the New York long-arm statute. This lawsuit arises from Defendants' engagement of Plaintiff, a New York resident, to identify a company interested in licensing or developing Defendants' Coco Safar brand in Saudi Arabia. *See* Am. Compl. at ¶ 14. Plaintiff performed all services pertaining to the engagement and regularly communicated with Defendants from his offices in New York. *See id.* at ¶¶ 21, 23–24. Defendants' executives also met with Plaintiff and potential investors on several occasions in New York, including at Plaintiff's restaurant in New York City. *See id.* at ¶¶ 22, 25; ECF No. 48 at 6. Defendants' own evidence supports these allegations. For instance, Mr. Wilhelm Liebenberg, Managing Director of Defendant JBO, admits in his declaration that he attended a meeting with Plaintiff in New York on April 19, 2019, to discuss the Agreement. *See* ECF No. 43, at ¶ 12. These contacts "[are] quintessential transaction[s] of business and readily meet[] the requirements of the New York long-arm statute." *Mercury Pub. Affairs LLC v. Airbus*

*Defence & Space, S.A.U.*, No. 19 Civ. 7518 (MKV), 2020 WL 4926334, at *4 (S.D.N.Y. Aug. 21, 2020); *see also Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 23 (2d Cir. 2004) (holding that defendants transacted business in New York where they "maintained a continuous and on-going commercial relationship with plaintiff, a New York business," and "traveled to New York on two occasions to attend . . . training programs"); *Medicrea USA, Inc. v. K2M Spine, Inc.*, No. 17 Civ. 8677 (AT), 2018 WL 3407702, at *5 (S.D.N.Y. Feb. 7, 2018) (finding that a "handful of trips to New York" weighed in favor of personal jurisdiction); *Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 156 (E.D.N.Y. 2014) (concluding that visits to New York in connection with business activities supported the exercise of personal jurisdiction).

The Agreement in question also contains a New York choice-of-law provision. *See* ECF No. 43, Ex. B, at 5 ("This Agreement shall be governed by and construed in accordance with the laws of the State of New York . . . ."). As the Second Circuit instructed, this is a "significant factor" weighing in favor of personal jurisdiction, "because the parties, by so choosing, invoke the benefits and protections of New York law." *Sunward Elecs.*, 362 F.3d at 23 (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 367 (2d Cir. 1986)); *see also ADYB Engineered for Life, Inc. v. Edan Admin. Servs. Ltd.*, 19 Civ. 7800 (MKV), 2021 WL 1177532, at *11 (S.D.N.Y. Mar. 29, 2021) (finding defendant was subject to the court's specific jurisdiction in light of his business trips to New York and a New York choice-of-law provision in the contract at issue); *JN Realty LLC v. Estate of Marvin*, 268 F. Supp. 2d 231, 237 (E.D.N.Y. 2003) (exercising personal jurisdiction given numerous contacts via telephone correspondence and in-person meetings and New York choice-of-law provision).

Based on the totality of Defendants' contacts with New York in connection with the Agreement, the Court finds that Plaintiff has made a prima facie showing of personal

jurisdiction under New York's long-arm statute. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 60 (2d Cir. 1985) (finding that "the totality of the circumstances surrounding defendants' activities in New York in connection with the matter giving rise to the lawsuit" reflected a "substantial nexus," including "frequent later visits to New York, and the alleged breach of the [contract]" (collecting cases)). Defendants' motion to dismiss for lack of personal jurisdiction is therefore denied.

**II.        Motion to Dismiss for Failure to State a Claim.**

The motion to dismiss Plaintiff's cause of action against Defendant Orange Butterfly under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted. To start, it is unclear which Orange Butterfly entity Plaintiff intends to name as a defendant—the Amended Complaint lists "Orange Butterfly Holdings (Mauritius) International Limited" in the caption but references a separate entity, "Orange Butterfly Licensing International Limited," in its body. *See* Am. Compl. at ¶ 6. The Amended Complaint also fails to allege any contractual or quasi-contractual relationship between Plaintiff and either Orange Butterfly entity. The Agreement was formed solely between Plaintiff and Defendant JBO for services to be performed by Plaintiff for Defendant JBO's benefit. *See* ECF No. 43, Ex. B, at 3. Because all of Plaintiff's claims depend on the existence of a contractual or quasi-contractual relationship, the Court cannot find that Plaintiff has "state[d] a claim to relief that is plausible on its face" against either Orange Butterfly entity. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[4]

---

[4] In the absence of an express contract, quantum meruit and unjust enrichment claims may be considered together as a "single quasi contract claim" under New York law. *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (citation omitted). "To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Old Republic Nat'l Title Ins. Co. v. Luft*, 52 A.D.3d 491, 859 N.Y.S.2d 261, 262 (2008). To recover in quantum meruit, the plaintiff must show "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 69 (2d Cir.2000). Even accepting as true all factual allegations in the

**III.     Motion for Sanctions.**

Defendants also seek to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers. They allege that Mr. Liebenberg's signature on the Agreement is fraudulent, and that Plaintiff and his counsel have failed to undertake appropriate due diligence to ascertain the validity of the Agreement. *See* ECF No. 54.

"Under § 1927, '[a]ny attorney [or other person] . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (quoting 28 U.S.C. § 1927). A court also maintains an "inherent power" to impose sanctions. *See United States v. Seltzer*, 227 F.3d 36, 39–40 (2d Cir. 2000); *see also Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (noting that "a federal court . . . may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). To impose sanctions under either § 1927 or the Court's inherent power, the Court "must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson*, 221 F.3d at 79 (quoting *Agee v. Paramount Communications Inc*., 114 F.3d 395, 398 (2d Cir. 1997)). The attorney or party's "bad faith" is a key inquiry when determining whether to award sanctions. *Id*.

---

Amended Complaint and construing all reasonable inferences in light most favorable to Plaintiff, the Court cannot find that Plaintiff has plausibly established any element of quantum meruit or unjust enrichment under New York law with respect to either Orange Butterfly entity.

The Court may also impose sanctions pursuant to Rule 11(b) of the Federal Rules of Civil Procedure. In relevant part, Rule 11(b) provides that an attorney presenting a pleading, written motion, or other paper to the court certifies that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; "(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and "(3) the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). "Sanctions may be—but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012).

Defendants' sanctions motion disputing the validity of Mr. Liebenberg's signature is premature. The issue, whether Mr. Liebengerg's signature is authentic and binding, is an issue of fact, not properly resolved on a motion for sanctions. "The time when sanctions are to be imposed rests in the discretion of the trial judge." *Chambers*, 501 U.S. at 56 n.19. "[I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the *end* of the litigation." *Id*. (emphasis added). In the Second Circuit, courts have only granted sanctions motions based on a plaintiff's fraudulent allegations *after* the end of discovery and/or summary judgment practice. *See, e.g.*, *Gurary v. Winehouse*, 235 F.3d 792 (2d Cir. 2000); *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 49–50 (2d Cir. 1988); *Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16 Civ. 3179 (AJN), 2017 WL 3671039, at *13 (S.D.N.Y. Aug. 8, 2017); *Reichmann v. Neumann*, 553 F. Supp. 2d 307 (S.D.N.Y. 2008); *Byrne v. BuyThisFast*

*Network, Inc.*, No. 03 Civ. 1999 (HB), 2005 WL 1155175 (S.D.N.Y. May 17, 2005). To grant a sanctions motion at this juncture would be an "end-run around the axiomatic legal principle that a Court must assume that [a plaintiff's] allegations are true and may only consider the complaint and a limited category of other information at the motion to dismiss stage of the proceedings." *Luv N' Care*, 2017 WL 3671039, at *13. "Only after discovery has been completed will the Court properly have before it evidence regarding the veracity of Plaintiffs' allegations." *Id.* Accordingly, consistent with the prevailing approach of courts faced with similar situations, the Court denies Defendants' motion for sanctions without prejudice to renewal after discovery. *See Yu Zhang v. Sabrina USA Inc.*, No. 18 Civ. 12332 (AJN), 2021 WL 1198932, at *4 (S.D.N.Y. Mar. 30, 2021) ("The Court denies without prejudice the motion for sanctions on the basis that the motion is premature. It does so because it is not permitted at this stage to weigh the credibility of the testimony or whether the representations to the Court have been willfully misleading."); *JM Holdings 1 LLC v. Quarters Holding GmbH*, No. 20 Civ. 3480 (JPO), 2021 WL 860516, at *8 (S.D.N.Y. Mar. 8, 2021) ("In any event, the Court declines to award sanctions on the basis of a factual dispute that need not be resolved at this early stage.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of jurisdiction is denied, Defendants' motion to dismiss Orange Butterfly is granted, and Defendants' motion for sanctions is denied. Plaintiff shall file a second amended complaint by July 9, 2021, conforming to this order. Defendants shall file their answer by July 16, 2021. The parties shall appear for a status conference on July 23, 2021 at 10:00 a.m., to discuss a case management plan. The Clerk shall terminate the open motions (ECF Nos. 41, 53).

SO ORDERED.

Dated: July 1, 2021 _____/s/_____
New York, New York ALVIN K. HELLERSTEIN
United States District Judge