UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
REMI LABA,

                Plaintiff,

                v.

JBO WORLDWIDE SUPPLY PTY LTD,

                Defendant/Third-Party Plaintiff.

                v.

REMI LABA, MARTIN BERGH, WAYNE
BEBB, IAIN BANNER, ROOIBOIS LIMITED,
NATURALLY OUT OF AFRICA PERFECTLY
NATURAL PTY LTD, NOOA CALIFORNIA,
LLC, and JOHN DOES 1-5,

                Third-Party Defendants.
------------------------------------------------------------ X

**ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT**

20 Civ. 3443 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On May 3, 2020, Plaintiff Remi Laba ("Laba") initiated this suit against Defendant JBO Worldwide Supply Pty Ltd ("JBO") based on a finder's fee agreement purportedly concluded between Laba and JBO. In response, JBO claims the finder's fee agreement is a forgery. In July 2021, I denied JBO's motion to dismiss for lack of personal jurisdiction and ruled that determining whether the finder's fee agreement was forged was a matter for discovery. JBO then filed its Answer, Counterclaims, and Third-Party Complaint. ECF No. 101. The Counterclaims and Third-Party Complaint allege that Laba and group of other individuals and companies engaged in a widespread conspiracy to steal JBO's trade secrets and interfere with its prospective business. In October 2021, I denied Laba's motion to dismiss the counterclaims given the advanced stage of the case, but ordered the Third Party Defendants

(TPDs) to file separately any motion to dismiss the third party complaint. Subsequently, the TPDs moved to dismiss JBO's claims against them on personal jurisdiction, venue, and substantive grounds. ECF No. 147. For the reasons that follow, the motion to dismiss the Third-Party Complaint is granted for lack of personal jurisdiction and on *fourm non conveniens*, and I do not reach the Rule 12(b)(6) grounds for dismissal.

## I. PERSONAL JURISDICTION

The TPDs lack jurisdictional connections to this district sufficient for establishing personal jurisdiction. Rooibos is a South African company that does not operate in New York; Naturally Out of Africa Perfectly Natural Pty. Ltd. ("NOOA") is a South African company with no operations in New York; and NOOA California LLC is a California LLC with no New York operations. While Plaintiff maintains NOOA and NOOA USA maintain an address in New York, that address is merely the address of a law firm that has worked on behalf of NOOA and NOOA USA, a contact insufficient to establish personal jurisdiction. *See BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 351 (S.D.N.Y. 2014).

Likewise, none of the individual TPDs are New York residents, and none have contacts with New York sufficient to establish jurisdiction. The individual TPDs are Martin Bergh, Iain Banner, and Wayne Bebb, each of whom resides in South Africa. Additionally, none of the individual TPDs own property in or conduct regular business in New York. Plaintiff contends that the individual TPDs are subject to jurisdiction in New York because they traveled here in 2017 and 2019, and because Bergh and Bebb submitted certain documents in support of Laba's claims before they were named as Third-Party Defendants. Such limited contacts are insufficient to establish jurisdiction. *See Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (New York law requires that the defendant be

present in New York "'not occasionally or casually, but with a fair measure of permanence and continuity.'") (citation omitted). In any case, JBO makes no allegations that the sporadic 2017 and 2019 travels were connected to the alleged conspiracy, which did not begin until April 2020. Likewise, the submissions JBO identifies were submitted by Plaintiff Remi Laba, not any of the individual TPDs. Accordingly, a finding of personal jurisdiction is not proper on that basis.

Plaintiff's attempt to establish personal jurisdiction over the TPDs on a conspiracy theory is also lacking. To succeed with a conspiracy theory of jurisdiction a plaintiff must allege "(1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018) (citations omitted). However, merely "reach[ing] a common plan or design" is insufficient to establish jurisdiction, and Plaintiff must do more than simply assert that a conspiracy existed. *Id.* The Third-Party Complaint fails to include specific details of overt acts connected to any of the TPDs or New York, and the allegations that the TPDs were in league with Laba are conclusory at best. *See Comunale v. Gemma*, 2020 WL 635554, at *5 (S.D.N.Y. Feb. 11, 2020) (acts in furtherance of conspiracy insufficient when outside the forum state); *In re SSA Bonds Antitrust Litig.*, 420 F.Supp.3d 219, 239 (S.D.N.Y. 2019). Accordingly, the Third-Party Complaint should be dismissed for lack of personal jurisdiction over any of the TPDs.

## II.   FORUM NON CONVENIENS

The TPDs—none of which are based in New York—also seek to dismiss to the Third-Party Complaint on *forum non conveniens* grounds. That request is well-founded, and *forum non conveniens* serves as a second, independent basis for dismissing the Third-Party

3

Complaint. In considering dismissal on *forum non conveniens* grounds, I examine "(1) the amount of deference to be accorded to the plaintiff's choice of forum; (2) the adequacy of the defendant's proposed alternate forum; and (3) the balance between the private and public interests implicated by the plaintiff's forum choice." *Finch v. Xandr, Inc.*, 2021 WL 5910071, at *3 (S.D.N.Y. Dec. 14, 2021). The decision is "within the broad discretion of the district court." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Here, none of the TPDs are New York residents, none own property in New York, and none regularly travel to New York. Other than NOOA USA, which operates in California, all are based in South Africa. Likewise, Plaintiff JBO is itself a South African entity. JBO's initiation of the Third-Party Complaint in New York took place simply because it was included with counterclaims against Laba. As the TPDs suggest, South Africa would be an adequate forum for resolving the claims against the TPDs, especially given that there is related litigation that has taken place in South African courts involving JBO and some of the TPDs. Given that the bulk of the parties involved are South African companies or individuals with disputes over business operations in South Africa, Saudi Arabia, and California, there is no reason a New York forum would better serve the public interest than a South African forum. Weighing the *forum non conveniens* factors together, the Third-Party Complaint should be dismissed.

## CONCLUSION

The motion to dismiss the Third-Party Complaint is granted for lack of personal jurisdiction over any of the Third-Party Defendants and on *forum non conveniens* grounds. The

oral argument scheduled for January 31, 2022 is canceled, and the Clerk shall terminate ECF No. 147.

        SO ORDERED.

Dated:     January 26, 2022
             New York, New York

                                            ALVIN K. HELLERSTEIN
                                            United States District Judge