UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
REMI LABA,

      Plaintiff,

    v.

JBO WORLDWIDE SUPPLY PTY LTD,

    Defendant/Third-Party Plaintiff.

    v.

REMI LABA, MARTIN BERGH, WAYNE
BEBB, IAIN BANNER, ROOIBOIS LIMITED,
NATURALLY OUT OF AFRICA PERFECTLY
NATURAL PTY LTD, NOOA CALIFORNIA,
LLC, GEORGES KERN, PERICLES LANTZ,
BRAND ESSENCE HOSPITALITY GROUP LLC
et al.,

    Third-Party Defendants.
------------------------------------------------------------- X

**ORDER DENYING MOTION FOR RECONSIDERATION**

20 Civ. 3443 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Third-party Defendant Georges Kern moves for reconsideration of my September 21, 2022 order (ECF No. 261), denying his motion to dismiss for lack of personal jurisdiction. (ECF No. 286.) He argues that although I rejected his prior motion because the issues had been decided, I had never been asked to decide whether I may exercise personal jurisdiction over him consistent with the Due Process Clause. Although he cites no intervening change of controlling law or new evidence, he argues that reconsideration is necessary to correct a clear error and prevent manifest injustice. *See Dilaura v. Power Auth. of Ny*, 982 F.2d 73, 77 (2d Cir. 1992) ("[T]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

1

injustice." (internal quotations omitted) (quoting *Virgin Atl. Airways v. Nat'l Meditation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied* 113 S. Ct. 67 (1992)). He contends that he is differently situated from his alleged coconspirators, and that his contacts with the forum are an insufficient basis to exercise specific personal jurisdiction over him. I disagree. I have already held that the Third-Party Complaint plausibly alleges a conspiracy and overt acts taken in the forum in furtherance of that conspiracy. *See* ECF Nos. 193, 218. Kern is alleged plausibly to be a member of that conspiracy, and consistent with conspiracy jurisdiction, I may exercise personal jurisdiction over him regardless of whether he personally performed any act in the forum. Because I find no clear error in my prior ruling and no manifest injustice will result, the motion for reconsideration is denied.

The Clerk shall terminate ECF No. 286.

SO ORDERED.

Dated:   September 8, 2022
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge