UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
REMI LABA,

                    Plaintiff,

             v.

JBO WORLDWIDE SUPPLY PTY LTD,

             Defendant/Third-Party Plaintiff.

             v.

REMI LABA, MARTIN BERGH, WAYNE
BEBB, IAIN BANNER, ROOIBOIS LIMITED,
NATURALLY OUT OF AFRICA PERFECTLY
NATURAL PTY LTD, NOOA CALIFORNIA,
LLC, GEORGES KERN, PERICLES LANTZ,
BRAND ESSENCE HOSPITALITY GROUP LLC
et al.,

             Third-Party Defendants.
------------------------------------------------------------ X

**ORDER DENYING MOTION
FOR RECONSIDERATION**

20 Civ. 3443 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Third-party Defendant Brand Essence Hospitality Group LLC moves for reconsideration of my September 21, 2022 order (ECF No. 261), denying its motion to dismiss for failure to state a claim (ECF No. 288). It contends that I never decided the merits of its motion, and argues that the allegations of its participation in Naturally Out of Africa ("NOOA") are impermissibly vague, and in any event, that it has never been a shareholder or investor in NOOA. Neither argument is persuasive. The motion is denied.

        I have already found Defendant JBO's claims and theory of the case plausible. *See, e.g.*, ECF Nos. 193, 219. The third-party complaint describes a conspiracy wherein Third-Party Defendants are alleged to have created an entity (NOOA) for the purpose of usurping

1

Defendant's JBO's corporate opportunities. Brand Essence is alleged to have been a participant in said joint venture. Brand Essence also is alleged to have been co-founded by Counterdefendant Remi Laba. I find that the allegations as to Brand Essence's participation are not impermissibly vague and provide Brand Essence with notice of the conduct with which it is charged. Brand Essence's other argument, disputing its participation, goes to the merits and is not properly considered on a motion to dismiss.

Because Brand Essence cites no new evidence or intervening change of law, and I find no clear error in my prior ruling and that no manifest injustice will result, the motion for reconsideration is denied.

The Clerk shall terminate ECF No. 288.

SO ORDERED.

Dated: September 29, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge