**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
REMI LABA.

                            Plaintiff,                           **20-CV-3443 (AKH) (KHP)**

         -against-                                              **ORDER**

JBO WORLDWIDE SUPPLY PTY LTD and
ORANGE BUTTERFLY HOLDINGS
(MAURITIUS) INTERNATIONAL LIMITED,

                            Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Defendant/Counterclaim Plaintiff JBO Worldwide Supply Pty Ltd ("JBO") has moved pursuant to Federal Rules of Civil Procedure 54(d)(2) and 11, as well as the Court's inherent powers and 28 U.S.C. § 1927 for attorneys' fees in connection with its defense of a claim for breach of an alleged written contract between Remi Laba and JBO.  Laba abandoned the claim of breach of a written contract at summary judgment, and summary judgment was granted in favor of JBO on Laba's other claims for breach of an oral contract and unjust enrichment.  The Court denied a motion to dismiss JBO's third party complaint on reconsideration (ECF No. 193) finding that JBO "has shown plausible allegations of a conspiracy to file multiple lawsuits to unseat its officers, and to accomplish other purposes not properly part of lawsuits."  The Court also directed JBO to take a deposition of Laba as to the authenticity of the written finder's fee agreement that JBO contends was fraudulent.  (ECF No. 194.)  Thereafter, the parties settled all remaining claims except for the instant motion, which was referred to the undersigned.

      This Court, having reviewed the motion papers, requests supplemental briefing in advance of oral argument on the following issues:

- Whether there is a statute or rule that would permit an award of attorneys' fees under Rule 54(d)(2), which are otherwise disallowed under the Rule.

- Whether JBO has complied with the procedural requirements of Rule 11 and whether the relief sought is proper under Rule 11 in light of Laba's abandonment of the breach of written contract claim and dismissal of Laba's other claims. *See Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 2022 WL 4280403, at *12-13 (S.D.N.Y. Sept. 15, 2022); *Goldman v. Barrett*, 825 F. App'x 35 (2d Cir. 2020).

- Whether the motion for attorneys' fees should be construed as a motion for reconsideration of the Court's prior denial (at ECF Nos. 191-192) of JBO's motion for sanctions under Rule 37(b) (ECF No. 165), and whether JBO has met the standard for reconsideration.

- Whether the abandonment of the breach of written contract claim at the summary judgment stage precludes any judgment against counsel for Laba under Section 1927 (which provides for sanctions only against counsel).  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121 (2d Cir. 2011).

- Whether there is precedent for the exercise of the Court's inherent power to sanction Laba or his counsel for bringing a claim based on an alleged fraudulent contract if that claim was abandoned at summary judgment.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

The parties' supplemental briefs shall be filed by no later than the close of business **on June 19, 2023.**

In addition, **by June 19, 2023**, JBO's counsel shall provide a supplemental declaration segregating time spent investigating the alleged fraudulent contract and briefing the motions for sanctions/attorneys' fees related to Laba's use of the alleged fraudulent contract (that is, the motions at ECF Nos. 53, 165, and 303). Such declaration shall include a summary of the time spent by each timekeeper on these tasks, the hourly rate of each timekeeper, and the experience of each timekeeper. It shall also provide a tally for each timekeeper of total hours and total fees. It shall append only those portions of the billing records attributable to the above-specified tasks.

Because JBO seeks sanctions against Laba's counsel pursuant to Section 1927 and against Laba and his counsel pursuant to the Court's inherent power, the Court must provide notice and an opportunity for Laba and his counsel to be heard before imposing any sanctions. *Johnson*, 642 F.3d at 126. Accordingly, to the extent Laba or his counsel wishes to submit declarations, they may do so **by no later than June 19, 2023** or, alternatively, they may offer testimony.

**By no later than June 19, 2023**, the parties shall advise the Court by letter whether they wish to present live testimony on the instant motion or, alternatively, whether they wish to rely on sworn declarations and/or prior deposition testimony submitted to the Court and oral argument. **Due to a conflict that has arisen with the Court's schedule, the date for oral argument and any testimony is hereby moved from June 23, 2023 at 10:00 a.m. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York to June 28, 2023 at 10:00 a.m.**

**If the parties are able to settle the instant motion on their own, they shall advise the Court at least 3 days in advance of the June 28, 2023 argument and hearing.**

SO ORDERED.

DATED:     New York, New York
           June 7, 2023

*/s/ Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge