UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
REMI LABA,                                                     :
                                                               :
                                  Plaintiff,          :  **ORDER ADOPTING REPORT**
      -against-                                              :  **AND RECOMMENDATION**
                                                               :
JBO WORLDWIDE SUPPLY PTY LTD,                                  :  20 Civ. 3443 (AKH)
                                                               :
               Defendant/Third-Party Plaintiff/   :
                      Fourth-Party Defendant.        :
                                                               :
      -against-                                              :
                                                               :
REMI LABA, MARTIN BERGH, WAYNE                                 :
BEBB, IAIN BANNER, ROOIBOIS LIMITED,                           :
NATURALLY OUT OF AFRICA PERFECTLY                              :
NATURAL PTY LTD, NOOA CALIFORNIA,                              :
LLC, GEORGES KERN, and BRAND ESSENCE                           :
HOSPITALITY GROUP LLC d/b/a                                    :
BAGATELLE,                                                     :
                                                               :
     Third-Party Defendants/Fourth-Party Plaintiffs.          :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Remi Laba filed this suit May 3, 2020, seeking to recover a finder's fee of $180,000. Defendant JBO Worldwide Supply Pty Ltd denied the allegations of the complaint and counterclaimed and filed a third-party complaint, alleging that the lawsuit was a tactic to embroil it in court proceedings and despoil it of its business. After more than three years of fractious litigation, 374 entries on the court's docket and a summary judgment dismissing the complaint, the parties, with the help of Magistrate Judge Katherine H. Parker, settled all issues but one, whether plaintiff should be sanctioned for improper litigation conduct.

        The main issue of this case was the existence, or absence, of a written, signed finder's fee agreement sufficient to satisfy New York's Statute of Frauds. N.Y. Gen. Oblig. L. §

1

5-701. Laba's complaint alleged an agreement without specifying if it was written or oral, and insisted that JBO's President had signed such an agreement. JBO denied that a signed agreement existed and produced a copy of an agreement, claiming that it was a fraudulent agreement, showing both Laba's signature and a signature of JBO's President that JBO asserted had been forged. Additional proceedings ensued, and Laba added a modified argument that email exchanges, not JBO's signature, made the agreement, so it didn't matter if JBO's signature was forged or authentic. Dual motions for summary judgment were filed and briefed, and I held for the defendant, that there was no evidence of an agreement that satisfied the Statute of Frauds.

At that point, the parties began talks of settlement. I delegated the case, and all proceedings relevant to the counterclaim and third part complaint, to Magistrate Judge Katherine H. Parker. Under her expert mediation, all issues, except the issue of sanctions, were settled. After careful consideration of the evidence and arguments tendered by each side, Judge Parker recommended that defendant's motion for sanctions be granted, but based on the court's inherent power and not because of Rules 11 and 54 (d) or 18 U.S.C. § 1927. Judge Parker found that JBO's legal expenses had been incurred because plaintiff had falsely alleged a written, signed contract as the basis of its claim, and recommended that JBO's legal expenses in defense of plaintiff's claim, in the amount of $ 142,331, plus $49,033 costs, totaling $191,364, be awarded. Judge Parker found that these amounts were fair and reasonable, and that defendant had paid or incurred them because of plaintiff's conduct. Judge Parker recommended that they be assessed against both Laba and Laba's attorneys, jointly and severally. Judge Parker denied JBO's motion for sanctions related to its counterclaim and third-party complaint. Finally, Judge Parker recommended that Laba's counsel be required to take five hours of ethics and ESI training. Both sides timely filed objections.

A district court is to accept a magistrate judge's report and recommendation unless its findings are clearly erroneous or contrary to law. 28 U.S.C. 636 (b)(1)(C). If a party objects, the district court is to review *de novo* the portions of the report to which objection is made. *Id*. If necessary, the district court may take further evidence or remit the issue to the magistrate judge for further consideration. *Id.*

JBO objects because it claims that the award also should have included its legal expenses in having to bring its third-party complaint. JBO had alleged in that complaint that plaintiff had fabricated and compounded claims and allegations, including the claims at bar, as part of a conspiracy to ruin and steal JBO's business. (ECF 314). However, the parties had settled all the claims and defenses in the lawsuit, including the third-party complaint, before there had been any significant adjudications of the merits, and without a showing of legal expenses relating specifically to JBO's third-party complaint. Thus, Judge Parker denied JBO's motion for sanctions with respect to its counterclaim and third-party complaint. Her findings are solidly based, and I approve them. In addition, I have examined the issue and the briefs de novo. JBO's objection to this part of Judge Parker's R&R is rejected.

Laba states several objections: Since Defendant's motion for sanctions mentioned only "plaintiff" and did not mention plaintiff's lawyer, Ken Sussmane, only Laba could be sanctioned; Laba's lawyer should not have been sanctioned because he performed due diligence with respect to the forgery committed by his client; the court was not defrauded because plaintiff did not pursue a claim for breach of a written contract; and the Magistrate Judge should not have addressed the authenticity of the forged signature. None of Laba's objections has merit.

Again, Judge Parker's rulings are solidly based. Lawyer Sussmane carried out the fraud of his client and, as his knowing agent, perpetrated the fraud and compounded the

proceedings. Compounding meritless proceedings by fraudulent conduct hurts every other case on the court's docket by usurping scarce judicial management. Lawyers are officers of the court and not pawns of their clients. Notice of sanctions to be sought against Laba for a fraud carried out by his lawyer was notice also to Sussmane, the lawyer. Judge Parker's order of joint and several sanctions and special ethics training was reasonable appropriate. I have given *de novo* review, and I approve her report and recommendation.

So, too, with the other objections. For reasons clearly described by Judge Parker, lawyer Sussmane failed to do due diligence; Sussmane's obdurate refusal to acknowledge his client's forgery or the absence of a writing signed by the party to be charged defrauded the court and compounded the proceedings necessary for a determination; and Judge Parker was required to consider the proofs of a transposed and fraudulent signature. Judge Parker's rulings are not clearly erroneous or contrary to law, and I adopt them and reject plaintiff's and Sussmane's objections after *de novo* review.

## CONCLUSION

For the reasons above, the report of the Magistrate Judge is adopted. Laba and Laba's attorney are jointly and severally liable to JBO in the amount of $191,364. Laba's attorney is ordered to take five hours of ethics and ESI training. The Clerk is instructed to enter judgment and terminate all open motions, closing the case-file.

SO ORDERED.

Dated: February 12, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge